

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John E. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir:

Opinion No. O-1203
Re: Should certificates for delay-
ed registration of births and
deaths when presented to the
county judge be handled as a
probate proceeding and a re-
cord be kept and should fees
be charged?

We are in receipt of your letter of July 26, 1939,
in which you request an opinion as to whether or not certificates
for registrations of births and deaths "not previously register-
ed" (as provided for in Section 2 of H. B. 614, 46th Legislature
which amends Article 4477, Vernon's Annotated Civil Statutes)
should be handled in the regular course as ordinary probate pro-
ceedings, and whether or not fees should be charged for the ser-
vices rendered by the county judge and county clerk.

The particular paragraph of H. B. 614 involved, reads
as follows:

"And provided further, that any citizen
of the State of Texas wishing to file the re-
cord of any birth or death, not previously
registered, may submit to the Probate Court
in the county where the birth or death occurred,
a record of that birth or death written on
the adopted forms of birth and death certifi-
cates. The certificate shall be substantiated
by the affidavit of the medical attendant pre-
sent at the time of the birth, or in case of
death, the affidavit of the physician last in
attendance upon the deceased, or the undertaker

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John R. Shook, Page 2

who buried the body. When the affidavit of
the medical attendant or undertaker cannot
be secured, the certificate shall be support-
ed by the affidavit of some person who was ac-
quainted with the facts surrounding the birth
or death, at the time the birth or death occurred,
with a second affidavit of some person who is ac-
quainted with the facts surrounding the birth or
death, and who is not related to the individual
by blood or marriage. The Probate Court shall
require such other information or evidence as
may be deemed necessary to establish the citizen-
ship of the individual filing the certificate,
and the truthfulness of the statements made in
that record. The Clerk of the said Court shall
forward the certificate to the State Bureau of
Vital Statistics with an order from the Court to
the State Registrar that the record be, or be
not, accepted. The State Registrar is authorized
to accept the certificate when verified in the
above manner, and shall issue certified copies
of such records as provided for in Section 21 of
this Act. Such certified copies shall be prima
facie evidence in all Courts and places of the
facts stated thereon. The State Bureau of Vital
Statistics shall furnish the forms upon which such
records are filed, and no other form shall be used
for that purpose."

This Department has rendered two opinions on questions
dealing with the above provisions for registration of births and
deaths "not previously registered". In Opinion No. O-1201 we
construed the meaning of the phrase "not previously registered"
and held in substance that it covered all certificates of births
and deaths "not previously registered" in accordance with the
provisions of Sections 9 and 12 of the Sanitary Code, Article
4477, Vernon's Annotated Statutes, i.e. certificates of birth
not registered "within five days after the date of each birth"
and certificates of death not registered "prior to any disposi-
tion of the body". It was our further holding that applications
for delayed registration of births and deaths be numbered and en-
tered on the Docket of the Probate Courts of the counties in which
the births or deaths occurred; and, that such proceedings should
be entered in the Probate Minutes of such Court.

In Opinion No. O-1065 it was held by this Department that the county judge and the county clerk are entitled to fees for rendering the services provided for under Section 2 of H. B. 614, and that Articles 3925 and 3930, Revised Civil Statutes, 1925, are governing to the effect that the county judge and county clerk shall each receive the fee of fifty ($0.50) cents in return for the respective services of entering the order and certifying same to the Bureau of Vital Statistics.

The above quoted paragraph of Section 2 of H. B. 614 which is an amendment to Section 18, Article 4477, Vernon's , contains these provisions:

"* * * * any citizen * * * * may submit to the Probate Court * * * *"

"* * * * the Probate Court shall require such other information * * * *"

"* * * * The Clerk of the said Court shall forward the certificate to the State Bureau of Vital Statistics with an order from the Court to the State Registrar that the record be, or be not, accepted. * * * *"

It is our opinion from a close analysis of the foregoing terms of the amendment conferring jurisdiction on the Probate Court, that it is the manifest intent of the Legislature that the matter of delayed registrations of births and deaths be accorded the status and dignity of a Probate proceeding and that a record of the proceedings be kept. This construction is supported by the general importance of the matter to the public i.e. the establishment of facts concerning births and deaths which should be a subject of permanent record.

We are further of the opinion that the county judge and county clerk are entitled to fees for their services rendered in the respective amounts of fifty ($0.50) cents. See Articles 3925 and 3930, Revised Civil Statutes of 1925. Also see Opinion No. O-1065 of this Department.

We are enclosing for your convenience and information Opinion No. O-1201 and No. O-1065 of this Department.

Honorable John R. Shook, Page 4

Trusting that the above fully answers the inquiry contained in your letter, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By ~~Dick Stout~~
Dick Stout
Assistant

DS:RS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

APPROVED AUG 11, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS